# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| KEVIN D. KUNZ, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>JPH ENTERPRISES, et al.,<br><br>        Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:09CV115DAK |

      This matter is before the court on Plaintiffs' Motion to Withdraw as Attorneys for Plaintiffs. The motion states that Plaintiffs' Counsel, Donald Dalton, seeks to withdraw as counsel because Plaintiff Kevin D. Kunz desires to proceed in propria persona. Defendants objected to the motion to withdraw on the basis that Mr. Kunz could not consent on behalf of Plaintiff Investment Management Corp. In the capacity of "former president."

      The court, moreover, cannot allow a corporate entity to proceed without legal representation in the matter. A corporate entity cannot proceed *pro se* on its own behalf. A corporate entity must have legal representation. "A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it neither practice law nor appear ir act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can only act through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria

person." *Tracy-Burke Assocs. v. Department of Employment Security*, 699 P.2d 687, 688 (Utah 1985) (citations omitted).

In this case, not only is there a question as to whether Mr. Kunz is an officer or agent who may act on behalf of the corporation, but, even if he is, there is a question as to whether he is an attorney who can represent the corporation in court. The consent to withdrawal submitted in connection with the motion to withdraw does not state that Mr. Kunz is an attorney who may represent the corporation in this matter. Until such representation is made or a substitution of counsel is entered on behalf of Investment Management Corp., this court will not grant the withdrawal of Mr. Dalton from his representation of Investment Management Corp.

Mr. Dalton's withdrawal of representation of Mr. Kunz in his personal capacity is not contested and appears to be appropriately sought pursuant to DUCivR 83-1.4(a)(1). The court, therefore, grants Mr. Dalton's withdrawal of representation of Mr. Kunz. Accordingly, Plaintiffs' Motion to Withdraw is GRANTED IN PART, as to withdraw of representation of Mr. Kunz, and DENIED IN PART, as to withdraw of counsel of Investment Management Corp.

DATED this 23rd day of April, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge