IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN D. KUNZ and INVESTMENT MANAGEMENT CORP., <br><br> **Plaintiffs,** <br><br> vs. <br><br> JHP ENTERPRISES, LLC and PATRICIA HORNE, TRUSTEE, VANCE B. FORSGREN FAMILY TRUST, <br><br> **Defendants.** | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 1:09CV115DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion for Order Confirming Arbitration Award. The court does not believe that a hearing would significantly aid the court in its determination of this motion. After carefully considering the materials submitted by the parties and the law relevant to the motion, the court renders the following Memorandum Decision and Order.

**BACKGROUND**

On March 6, 2008, Defendants filed a complaint in arbitration against Plaintiffs Investment Management Corporation (IMC) and Kevin Kunz. Plaintiffs participated in the selection of the arbitrators and pursued written discovery. On March 10, 2009, and on March 12, 2009, Plaintiffs sought to dismiss arbitration on the basis that Defendants were not Plaintiffs' customers. The FINRA panel rejected the argument, and a final hearing was held from July 13, 2009, to July 16, 2009. On July 30, 2009, the panel issued an award in favor of Defendants.

On August 31, 2009, Plaintiffs filed a Complaint for Determination of Validity of

Arbitration Award in this court under the Utah Uniform Arbitration Act, Utah Code Ann. § 78B-

11-101, *et seq*., and the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.  On April 22, 2009,

Defendants filed a Motion for Order Confirming Arbitration Award.

## LEGAL STANDARD

The United States Supreme Court held that where a party has agreed to arbitrate, the

court will set aside the award only in "very unusual circumstances."  *First Options v. Kaplan*,

514 U.S. 938, 942 (1995).  "Judicial review of arbitration panel decisions is extremely limited;

indeed, it has been described as among the narrowest known to law."  *Dominion Video Satellite,*

*Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269, 1275 (10th Cir. 2005) (internal quotation marks

omitted).  The purpose behind arbitration is to avoid the expense and delay of court proceedings.

*Bowen v. Amoco Pipeline, Co.*, 254 F.3d 954, 932 (10th Cir. 2001).  Therefore, finality should

weigh heavily in favor of the award, and courts must exercise great caution in setting it aside.  *Id*.

A court may vacate an award under the Federal Arbitration Act (FAA) in instances of

fraud or corruption, arbitrator misconduct, or where the arbitrators exceeded their powers, or so

imperfectly executed them that a mutual, final, definite award upon the subject matter submitted

was not made.  *See* 9 U.S.C.A. § 10(a).  In addition to the limited circumstances in the FAA, the

Utah Uniform Arbitration Act also allows the vacation of an award when proper notice was not

given, or there was no agreement to arbitrate, unless the party participated in the hearing without

raising an objection.  *See* Utah Code Ann. § 78B-11-124(1).

Additionally, the Tenth Circuit has acknowledged a judicially-created basis for vacating

an arbitration award when the arbitrators acted in "manifest disregard" of the law.  *Dominion*

*Video Satellite, Inc.*, 430 F.3d at 1275.  Manifest disregard occurs when the record shows that the

arbitrators knew the law and explicitly disregarded it. *Id.* "Merely erroneous interpretations or applications of law are not reversible." *Id.* (internal quotation marks omitted).

## DISCUSSION

Plaintiffs argue that the Motion for Order Confirming Arbitration Award should be denied for two reasons. First, because Defendants were not their customers, Plaintiffs contend that there was no agreement to arbitrate, *see* Utah Code Ann. § 78B-11-124(1)(e), and the arbitration panel exceeded its powers, *see* 9 U.S.C.A. § 10(a)(4). Second, Plaintiffs claim that the panel exhibited a manifest disregard of the law by finding that Plaintiffs had breached their duty to disclose certain information to Defendants.

### A. Arbitrability of the Dispute

Plaintiffs oppose the motion by arguing that there was no basis for arbitration. Unless there is clear and unmistakable evidence that the parties agreed to submit their dispute to arbitration, the court should decide the question of arbitrability. *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 964 (10th Cir. 2001).

However, the evidence is clear and unmistakable that Plaintiffs were members of FINRA. FINRA Code of Arbitration Procedure § 12200 requires the parties to arbitrate a dispute if arbitration is requested by a customer. The issue of whether or not Defendants were customers was presented to the FINRA panel and resolved. This court finds that the panel was well-suited to make the determination. Furthermore, the evidence suggests that Plaintiffs agreed to submit to arbitration because they participated fully in the arbitration process instead of filing a lawsuit to enjoin the proceedings.

**B. Manifest Disregard of the Law**

Plaintiffs also oppose to the motion by arguing that because Defendants were not their customers there was no duty to disclose certain information. To support this contention, Plaintiffs argue that there were no dealings between the parties and Plaintiffs knew nothing about the investment transaction. Plaintiffs argue that the facts were so clear that the arbitrators must have explicitly disregarded the law.

The existence of a duty depends on the relationship of the parties. As previously stated, the FINRA panel determined that Defendants were Plaintiffs' customers. Based on this determination and the evidence offered by Defendants, the court does not find that the panel exhibited a manifest disregard of the law by concluding that Plaintiffs had a duty to disclose information.

**CONLUSION**

Based on the aforementioned reasons, Defendants' Motion for Order Confirming Arbitration Award is GRANTED. Accordingly, the Clerk of Court is directed to close the case.

DATED this 9th day of August, 2010.

BY THE COURT:

Dale A. Kimball
United States District Judge